FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 2 8 2004

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK R. RAMIREZ,

    Plaintiff,

v.      No. CIV-04-0627 JB/DJS

SANTA FE COUNTY ADULT
DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's responses to the order of July 19, 2004. The order directed the Plaintiff to show cause why the Court should not dismiss his complaint for failure to exhaust administrative remedies. In particular, the order noted that the Plaintiff's initial filings contained no indication that he had initiated administrative proceedings before he filed his complaint.

The Plaintiff has filed a number of responsive documents and supplemental pleadings. He attached to certain filings (Doc. 6, 17 and 18) a large number of grievance forms and records from disciplinary proceedings. The Court has reviewed each of these documents and finds that, in every instance, the Plaintiff submitted his grievances to prison officials after he filed his complaint.

Because the Plaintiff did not initiate or complete administrative proceedings before filing his Complaint, the Court must dismiss the Complaint. As the Court noted in the earlier order, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Supreme Court decisions confirm that a

30

prisoner must exhaust administrative remedies in all cases. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

"[A] prisoner must plead exhaustion in his complaint," *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003), and "[i]f a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice," *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004). Nor does the Plaintiff's allegation that he has now exhausted administrative remedies satisfy the statute. *See Stevens v. United States*, No. 02-3181, 2003 WL 1712123, at **1 (10th Cir. Apr. 1, 2003) (explaining that, in an Federal Tort Claim proceeding, an amended complaint does not cure premature filing; a plaintiff must file new suit) (citing *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999)). The Plaintiff submitted his grievances after filing his Complaint and thus did not comply with the statute's exhaustion requirement. The Court will dismiss the Plaintiff's Complaint.

**IT IS THEREFORE ORDERED** that the the Plaintiff's Complaint is DISMISSED without prejudice for failure to exhaust available administrative remedies; all pending motions are DENIED as moot; and pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE